**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RODRIGUEZ and JOSE DE SANTOS, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>           Plaintiffs,<br><br>      v.<br><br>CLEANSOURCE, INC, *et al.*,<br><br>           Defendants. | Case No.  14-cv-0789-L (DHB)<br><br>**ORDER GRANTING/DENYING DEFENDANTS' MOTION TO DISMISS [ECF NO. 28]** |

Pending before the Court is Defendant's motion to dismiss or strike. (MTD, ECF No. 28.)  The motion is fully briefed.  (Opp'n, ECF No. 33; Reply, ECF No. 35.)  The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

//

//

## I. BACKGROUND

According to the Complaint, Plaintiffs Michael Rodriguez ("Rodriguez") and Jose De Santos ("De Santos") "were employed in a non-exempt capacity as an hourly industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial worker" by Defendant Cleansource, Inc. ("Cleansource"). (Notice of Removal Att. 2, Ex. A, ¶ 22, ECF No. 1.) Interline Brands, Inc. ("IBI") purchased a substantial amount of Cleansource assets. (*Id.* ¶ 17.)

On September 25, 2013, Plaintiffs filed a class action complaint pursuant to Cal. Civ. Proc. Code § 382 against Cleansource in San Diego County Superior Court on behalf of all current and former drivers employed by Cleansource since September 25, 2009. Rodriguez and De Santos then filed an amendment to the complaint on February 5, 2014 to include IBI as a defendant. Plaintiffs allege IBI violated Cal. Lab. Code §§ 203, 226.7, 512, and 1194; IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), and 7(c); Cal. Code Regs. tit. 8, § 11090; and § 17200 of the Cal. Bus. and Prof. Code. (Notice of Removal Att. 2, Ex. A, ¶ 35 (1), (9), (14), (15), and (16).)

Rodriguez and De Santos' first cause of action seeks compensation for unpaid wages since they allege IBI has "a continuous policy of clocking-out Plaintiffs and those similarly situated out for a thirty minute meal period, even though Plaintiffs and all members of the Class work through their meal periods." (*Id.* ¶ 41.)

Plaintiffs' second cause of action concerns Defendant's failure to pay overtime "when employees worked over 8 hours a day and when employees worked over 40 hours a week." (*Id.* ¶ 48.) They assert that IBI "breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiffs' and the Class members' actual time records indicated that a meal period was not taken." (*Id.* ¶ 50.)

The third cause of action seeks compensation in lieu of Defendant's failure "to provide 30 minute, uninterrupted meal periods" for every "five continuous work hours" and "failed to provide an additional 30 minute uninterrupted meal period for employees on days where they worked in excess of ten hours." (*Id.* ¶¶ 57, 65.)

Plaintiffs' fourth cause of action alleges IBI did not allow its employees to take 10 minute rest periods for every four hours worked and an additional ten minute rest period when "working in excess of 10 hours a day." (*Id.* ¶¶ 69, 78.)

Rodriguez and De Santos allege in the fifth cause of action that Defendant knowingly and intentionally failed "to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs." (*Id.* ¶ 83.) They also allege IBI did not "maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees." (*Id.* ¶ 84.)

Plaintiffs' sixth, seventh, and eighth causes of action concern the wrongful conversion of wages; fraudulent alteration of De Santos, Rodriguez, and other employees' wages; and unjust retention of Plaintiffs' and other employees' wages. (*Id.* ¶¶ 94, 107, 118.)

Plaintiffs' ninth cause of action concerns IBI's failure to pay Rodriguez, De Santos, and the remaining class members "a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter." (*Id.* ¶ 128.) Finally, Rodriguez and De Santos also seek attorneys' fees pursuant to Cal. Lab. Code §§ 218.5, 226(e), and 1194. (*Id.* ¶ 40.)

On April 4, 2014, IBI filed its Notice of Removal asserting that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), enacted as 28 U.S.C. § 1332(d). (NOR ¶ 6.) On June 9, 2014, Plaintiffs filed a motion for remand. (Mot. Remand, ECF No. 13-2.) On August 4, 2014, this Court denied Plaintiffs' motion for remand. (Order Denying Remand, ECF No. 23.)

On August 27, 2014, Defendant filed the instant motion to dismiss or strike. (Mot. Dismiss, ECF No. 28.) On February 26, 2015, this Court stayed the case pending resolution of two appeals from potentially controlling Ninth Circuit cases[1]. (Order Granting Stay, ECF No. 53.) On May 27, 2015, upon request of both parties and after the Supreme Court denied certiorari in the *Dilts* and *Campbell* cases, the Court lifted the stay. (Order Lifting Stay, ECF No. 58.) The Court now evaluates Defendant's motion to dismiss or strike.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

---

[1] *Dilts v. Penske Logistics LLC,* Ninth Circuit Docket No. 12-55705; *Campbell v. Vitran Express, Inc.*, Ninth Circuit Docket No. 12-56250.

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

B.  **Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are "generally disfavored because they are often used as delaying tactics and because of the limited

importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). A federal court will not exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010). "Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *In re Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). A court should not strike allegations supplying background or historical material unless it is unduly prejudicial to the opponent. *See LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Finally, Rule 12(f) "does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010).

As noted above, a court may strike a pleading that is: (1) redundant, (2) immaterial, (3) impertinent, or (4) scandalous. Fed. R. Civ. P. 12(f). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Cal. Dept. of Toxic Substances Control v. ALCO Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). An "impertinent" allegation is neither necessary nor relevant to the issues involved in the action. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (1993) (rev'd on other grounds). A scandalous pleading is one that "improperly casts a derogatory light on someone, most typically on a party to the action." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012).

**III.  DISCUSSION**

### A. Request for Judicial Notice

Defendant seeks judicial notice of five documents. (Def.'s RJN, ECF No. 28–2.) Plaintiffs do not oppose. The Court may take notice of facts that are "not subject to reasonable dispute in that [they are] ... capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Because the documents are either matters of public record or their accuracy is not subject to reasonable dispute, or both, the Court **GRANTS** Defendant's request and takes notice of each of them. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

### B. Plaintiffs' First Cause of Action for "Wage Theft/Time Shaving"

Defendant moves to dismiss Plaintiffs' first cause of action for "wage theft/time shaving" because it "is merely a legal *theory* that might support Plaintiffs' otherwise alleged claim for overtime wages but cannot constitute a separate and independent cause of action." (MTD, 3-4.) Further, Defendant claims it is "impossible to determine what the legal basis for Plaintiffs' 'wage theft/time shaving' claim is because they fail to allege a statutory basis for the purported claim. The Court disagrees.

It is clear from Plaintiffs' allegations that they are claiming Defendants failed to pay them for all hours they worked. Plaintiffs allege that Defendants "have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked." (Compl. ¶ 41, ECF No. 1-2.) Plaintiffs further allege that Defendants clock Plaintiffs out for thirty minute meal periods, even though Plaintiffs work through their meal periods. (*Id.*) The Complaint goes on to detail exactly how Plaintiffs allege Defendants manipulated their time sheets. (*Id.* ¶¶ 42-45.) This is more than sufficient to survive a motion to dismiss.

Defendant also suggests that Plaintiffs are required to cite statutory authority in their Complaint to survive a motion to dismiss. Defendants are incorrect. Federal pleading rules call for "a short and plain statement of the claim

showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346 (2014). Under *Twombly* and *Iqbal*, a plaintiff must plead facts sufficient to show that her claim has substantive plausibility, and Plaintiffs' Complaint is not deficient in that regard. Plaintiffs' Complaint clearly presents the facts that they believe entitle them to relief from Defendants. They are required to do no more to stave off 12(b)(6) dismissal. *Id.* at 347. Defendants' motion with respect to Plaintiffs' first claim is **DENIED**.

### C. Plaintiffs' Second Cause of Action for Failure to Pay Overtime

Defendant argues that Plaintiffs' overtime claims fail because "Plaintiffs' hours of service were and are governed by the USDOT regulations and exempt from California's overtime laws." (MTD 4.) Defendant also argues that Plaintiffs' claims fail under Rule 8 because they "fail to allege any facts regarding, inter alia, the dates, frequency or hours that they and putative class members worked overtime." (MTD 6.)

California employers are required to pay employees overtime, unless they are exempt. *See* Cal. Labor Code § 510(a). The California Labor Code provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than ... the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation." Cal. Labor Code § 1194(a). The employer "bear[s] the burden of proving the affirmative defense of plaintiff's exemption from overtime." *Gomez v. Lincare, Inc.,* 173 Cal. App. 4th 508, 515 (2009) (citing *Sav–On Drug Stores, Inc. v. Superior Court,* 34 Cal. 4th 319, 338 (2004)). Therefore, Plaintiffs are not obligated to plead facts showing that they are not exempt.

Section 3(L)(1) of IWC Wage Order No. 9 provides in relevant part:

> The provisions of this section are not applicable to employees hours of service are regulated by (1) The United States Department of

> Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Services Drivers . . . .

Defendant suggests that each of the Plaintiffs was employed as an "industrial truck driver" and/or an "industrial vehicle driver," and they thus fall within the scope of this exemption. However, Defendant provide no analysis as to why "industrial truck" or "industrial vehicle" drivers fall within the exemption. Without this analysis, Defendant fails to meet their burden to establish that the exemption applies.

Defendant next argues that Plaintiffs' allegations for failure to pay overtime are insufficient. According to the Ninth Circuit, "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek[2]." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014). "[C]onclusory allegations that merely recite the statutory language are [not] adequate[;]" in order to survive a motion to dismiss the complaint must assert facts about specific periods of time where overtime/regular pay was withheld. *Id.* By way of example, the *Landers* court explained that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.

Here, Plaintiff has plead that "Defendant failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week." (Compl. ¶ 48.) These type of allegations are precisely the type of allegations that the *Landers* court labeled as insufficient. There are no details plead as to any specific named plaintiff or any specific workday or workweek where a plaintiff worked overtime but was not compensated therefore.

---

[2] The *Landers* case is a FLSA case, not a California state law case as is the case here. However, the Ninth Circuit's reasoning in *Landers* applies equally to Plaintiffs' California overtime claims. *See Raphael v. Tesora Refining and Marketing Co. LLC*, No. 2:15-cv-02862-ODW(Ex), 2015 WL 4127905, * 2, n. 3 (C.D. Cal. July 8, 2015).

In light of the foregoing, the motion is **GRANTED IN PART WITH LEAVE TO AMEND**, to the extent that the second cause of action in the complaint is insufficient under *Landers*.

### D. Plaintiffs' Third Cause of Action for Failure to Provide Meal Breaks

Defendant moves to dismiss Plaintiffs' third cause of action because it fails to satisfy Rule 8. (MTD 6-7.) Specifically, Defendant claims that Plaintiffs failed to allege "the dates that Plaintiffs and each class member worked more than five or ten hours in a day" and "did not take a first or second meal break." (*Id.* 7.) Defendant also maintains that Plaintiffs failed to allege that the Defendant's meal break practices were applied to each class member that worked at a location where Plaintiffs did not and that the class members were not compensated when they were entitled to but did not take a meal break. (*Id.*) Plaintiffs contend their allegations are sufficient because they alleged that "Defendant's policies of pressuring drivers to stay on route to complete them within rigorous time-frames resulted in unreasonable opportunities to take, and policy-driven incentives to forego, meal periods." (Opp'n 9.) The Court agrees with Plaintiffs.

Plaintiffs initially point to Paragraph 65 of their Complaint, but that paragraph is simply a recitation of the elements of the cause of action, and is unsupported by any factual allegations. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012). If the Complaint stopped here, there would be no doubt that it was insufficient. However, Plaintiffs support these allegations with specific factual allegations that "raise the right to relief above the speculative level," *see Twombly*, at 545, and "permit the court to infer more than the mere possibility of misconduct," *see Iqbal*, at 679. In particular, Plaintiffs claim that Defendants' business model was based on assigning non-exempt employees too much work that could not be finished in a normal shift, that Plaintiffs feared losing their jobs if they did not complete their

work on time, and were thus compelled to skip meal or rest periods. (Compl. ¶¶ 58-63.)

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss the Third Cause of Action.

### E. Plaintiffs' Fourth Cause of Action for Failure to Provide Rest Periods

Defendant argues that Plaintiffs' rest break claims are devoid of facts and otherwise conclusory. (MTD 9.) Specifically, Defendant suggests that Plaintiffs' Complaint is devoid of factual allegations regarding dates when rest breaks were not taken, routes of drivers who did not take rest breaks, and that such practices were implemented in other locations where the Plaintiffs did not work. (*Id.*) Plaintiffs contend their allegations are sufficient because they "alleged that Defendant did not do the very thing the law requires of it with regard to rest periods – it failed to authorize and permit them." (Opp'n 11-12.) The Court agrees with Plaintiffs.

Plaintiffs first point to allegations in their Complaint which essentially amount to a recitation of the elements of their rest period claim. (Opp'n 11 (citing Compl. ¶ 70).) These allegations, alone, are insufficient. However, Plaintiffs support these allegations with allegations that Defendants "assign[ed] too much work to be completed in too short of time frames, which resulted in Plaintiffs and those similarly situated not breaking route to take meal and rest periods." (Compl. ¶¶ 71-72.) The Complaint goes on to allege that because Defendants value productivity over meal and rest periods, they have implemented policies promoting productivity and encouraging faster route completion times, which leads to missed rest breaks. (*Id.* ¶¶ 72-77.) Such allegations are sufficient at this stage of the proceedings.

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss the Fourth Cause of Action.

//

### F. Plaintiffs' Fifth Cause of Action for Failure to Provide Accurate Itemized Wage statements and Maintain Accurate Records

#### 1. California Labor Code § 226

Defendant moves to dismiss the Fifth Cause of Action with respect to Plaintiffs' §226 claims on a number of grounds. First, they suggest that Plaintiffs' claims fail to comply with Rule 8 because they fail to show that Defendant's actions were "knowing and intentional." (MTD 10.) Second, they argue that the Plaintiffs have not alleged an injury. (*Id.* 10-11.) Third, Defendant maintains that "employers are only required to accurately report wages that the employee is actually being paid" and contend that Plaintiffs have not alleged that "the wage statements they received from [Defendant] were inaccurate in reporting the *wages actually paid to them* and the *deductions actually made during the applicable pay period*." (MTD 11 (emphasis in original).) Fourth, Defendant submits that "meal and rest break payments . . . are *not required to be itemized on wage statements*." (MTD 12 (emphasis in original).) Plaintiffs oppose, suggesting that their allegations are sufficient and that Defendant otherwise misstates governing law. (Opp'n 12-16.)

Again, Plaintiffs first point to allegations in their Complaint which essentially amount to a recitation of the elements of their wage statements claim. (Opp'n 12 (citing Compl. ¶ 83).) These allegations, alone, are insufficient. However, Plaintiffs support these allegations with allegations specifying the specific failures of Defendants with respect to their time records as well as Defendants failure to accurately report the time worked by Plaintiffs. (Compl. ¶ 85.) Such allegations are sufficient at this stage of the proceedings.

Plaintiffs next point to the following allegations to show that they have adequately plead an injury with respect to their fifth cause of action:

> [p]laintiffs and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages…

(Opp'n 13 (citing Compl. ¶ 44).)  This is insufficient to allege an injury with respect to this cause of action, as it shows no connection with the alleged wrongdoing in the Fifth Cause of Action.  Plaintiffs refer to additional allegations that may support their claim, but they do so in their opposition, not in their Complaint.  Therefore, this cause of action is **DISMISSED WITH LEAVE TO AMEND.**

The Court notes that Defendant's argument regarding Section 226 is unpersuasive.  "The plain language of the statute belies this erroneous reading: "'Every employer shall ... furnish ... an accurate itemized statement ... showing ... wages earned [and] total hours worked by the employee ....'" *Pena v. Taylor Farms Pacific, Inc.*, 13-CV-01282-KJM-AC, 2014 WL 1665231, *8 (E.D. Cal. April 23, 2014) (citing Cal. Lab. Code. §226(a)).

Moreover, this Court disagrees with Defendant that "Section 226.7 payments do not constitute wages for purposes of Section 226(a)."  (MTD 13; *see* III.J.)  Finally, while Defendant may not be required to itemize Section 226.7 payments on an employee's wage statement, this fact does not eviscerate Plaintiffs' claim.

### 2. Alleged Violations of California Labor Code §§ 1174 and 1175 and IWC Wage Order 9

Defendants next argue that Plaintiffs are not entitled to assert stand-alone causes of action for violation of Cal. Lab. Code §§ 1174 and IWC Wage Order 9. (MTD 14-16.)  With respect to the IWC Wage Order claim, Defendants suggest "the only remedy available for a violation of the IWC's Wage orders is an action for civil penalties under [PAGA]."  (*Id.* at 15-16.)  Plaintiffs oppose, arguing that a violation of Sections 226 or 1174 "encompass violations of Wage Order No. 9, and violation of one is a violation of the other," so their claims are valid.  (Opp'n 16-17.)  Both parties cite *Bright v. 99€ Only Stores*, 189 Cal. App. 4th 1472 (2010), in support of their argument.

In *Bright*, the court found that the plaintiff could state a cause of action for civil penalties under the Private Attorneys General Act of 2004 for violation of a

Wage Order. Specifically, the Court found that violations plaintiff complained of under Cal. Lab. Code § 1198 were encompassed in Wage Order No. 7. *Id.* at 1477-78. Therefore, the Court found it was unlawful under the Code to violate the Wage Order. The last step the Court took was to affirm that the plaintiff could bring a cause of action under the Wage Order, via the Labor Code, under the civil penalties provision, Section 2699(f), part of PAGA. So, at least in certain circumstances, a plaintiff can bring a civil claim, under PAGA, for a violation of a Wage Order. *Id.* 1481.

Contrary to Plaintiffs' suggestion, *Bright* does not provide for other penalties apart from those under PAGA. Because Plaintiffs concede that they do not bring PAGA claims here, *Bright* provides no basis for their claims under § 1174 and Wage Order 9. Therefore, these claims are **DISMISSED WITH LEAVE TO AMEND.**

### G. Plaintiffs' Sixth Cause of Action for Conversion

Defendant next argues that Plaintiffs' conversion claim fails because Plaintiffs are limited to statutory remedies for meal and rest break violations, and in the alternative, because they fail to comply with Rule 8. (MTD 16, 17.) Plaintiffs contend that they are entitled to conversion claims and that their claims are otherwise sufficiently plead. (Opp'n 17-18.) The Court agrees with Plaintiff.

This Court notes that other courts have come to different conclusions regarding whether a plaintiff may state a claim for conversion based on unpaid wages and overtime. *See, e.g., Green v. Party City Corp.,* No. CV–01–09681 CAS (EX), 2002 WL 553219 (C.D. Cal. Apr. 9, 2002); *Pulido v. Coca-Cola Enters., Inc.,* No. EDCV06–406VAP(OPX), 2006 WL 1699328 (C.D. Cal. May 25, 2006); *In re Wal–Mart Stores, Inc. Wage & Hour Litig.,* 505 F.Supp.2d 609 (N.D. Cal. 2007); *Vasquez v. Coast Valley Roofing Inc.,* No. CV–F–07–227–OWW–DLB, 2007 WL 1660972 (E.D. Cal. June 6, 2007); *Jacobs v. Genesco, Inc.,* No. CIV. S–08–1666 FCD DAD, 2008 WL 7836412 (E.D. Cal. Sept. 3, 2008). However, this Court finds Judge Mendez's thorough opinion on the matter persuasive, and agrees that a claim for

conversion based on unpaid wages and overtime is viable under California law. *Sims v. A T & T Mobility Services LLC*, 955 F. Supp. 2d 1110, 1114-1119 (E.D. Cal. 2013).

Defendants assert that even if a conversion claim may lie for unpaid wages, Plaintiffs' claims here fail because "money can only be the subject of an action for conversion if a specific sum capable of identification is involved." (MTD 17.) Plaintiffs fail to oppose, and the Court agrees with Defendants.

There are no allegations in the Complaint that the wages sought constitute an identifiable sum or how such a sum can be readily ascertained. "An allegation to that effect is a necessary element of a properly pled conversion claim." *Sims*, 955 F. Supp. at 1121 (citing *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395-96 (2007). Plaintiffs' conversion claim is therefore improperly plead.

In light of the foregoing, the conversion claim is **DISMISSED WITH LEAVE TO AMEND**.

H.  **Plaintiffs' Seventh Cause of Action for Fraud**

Defendants' unopposed motion to dismiss Plaintiffs' fraud claims is **GRANTED** and Plaintiffs' Seventh Cause of Action is **DISMISSED WITH PREJUDICE**.

I.  **Plaintiffs' Eighth Cause of Action for Unjust Enrichment**

Defendant moves to dismiss Plaintiffs' unjust enrichment claims because "'[t]here is no cause of action in California for unjust enrichment.'" (MTD 18 (citing *Melchior v. New Line Prods. Inc.*, 106 Cal. App. 4th 779, 794 (2003). Plaintiffs oppose, but fail to distinguish the authority presented by Defendant. (Opp'n 18.) Instead, they appear to limit their opposition to showing that they have alleged the elements of an unjust enrichment claim.

In California, "there is a division in the law" on the question of unjust enrichment. *Mohebbi v. Khazen,* 50 F.Supp.3d 1234, 1260 (N.D. Cal. 2014). Courts have found both a cause of action for unjust enrichment, and

not. *Ghirardo v. Antonioli,* 14 Cal. 4th 39 (1996) (allowing recovery for unjust enrichment); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.,* 754 F.Supp.2d 1145, 1194 (C.D. Cal. 2010) ("Simply put, there is no cause of action in California for unjust enrichment.") (internal quotations and citations omitted); *McCullough v. Lennar Corp.*, No. 09cv1808-WQH-NLS, 2009 WL 3805305 (S.D. Cal. Nov. 10, 2009). Given this conflict, the Court declines to conclude that this claim is legally incognizable. Therefore, Defendant's motion to dismiss this claim is **DENIED** on this ground.

"The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Berger v. Home Depot USA, Inc.,* 741 F.3d 1061, 1070 (9th Cir.2014) (quoting *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726, (2000)). Plaintiffs' Complaint plausibly alleges the first element, Defendant's receipt of a benefit. (Compl. ¶ 119) ("At all times mentioned herein, Defendants and/or DOES were in receipt of wages and/or monies which belonged to Plaintiffs and those similarly situated.") Plaintiffs' Complaint also plausibly alleges the second element, Defendant's unjust retention of the financial benefit at the expense of the purchasers. (*Id.* ¶¶ 118) ("At all times mentioned herein, there was an unjust retention of Plaintiffs' and others similarly situated's wages.")

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss the unjust enrichment claim.

**J.    Plaintiffs' Ninth Cause of Action for Waiting Time Penalties**

Defendant moves to dismiss Plaintiffs' Cal. Labor Code § 203 claims for failure to satisfy Rule 8. (MTD 18.) Alternatively, Defendant argues that this cause of action fails because "Section 226.7 payments do not constitute 'wages earned' under Cal. Labor Code § 201 for purposes of incurring waiting time penalties under Section 203." (*Id.* 21.)

California Labor Code Section 203 imposes so-called "waiting time" penalties for failure to timely pay wages upon termination of employment, allowing the

employee to continue to accrue wages "from the due date thereof" for up to 30 days "until paid or until an action therefor is commenced." Cal. Lab. Code § 203(a). Penalties are assigned where an employer "*willfully* fails to pay." *Id.* (emphasis added). The meaning of "willful" under ¶ 203 "is that an employer has intentionally failed or refused to perform an act which was required to be done." *See Amaral v. Cintas Corp. No.* 2, 163 Cal. App. 4th 1157, 1201 (2008). "[T]he employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." *Id.* (citation and quotation omitted). Upon discharge, the employee's earned and unpaid wages are due within 72 hours. *Id.* § 201(a).

Here, Plaintiffs have sufficiently plead a willful violation of Section 203. First, Plaintiffs plead the elements of a willful Section 203 violation. (Compl. ¶¶ 126-128.) When read with previous allegations in the Complaint regarding companywide policies of "dinging," "shaving," and "scrubbing" and other nefarious behavior, these allegations are sufficient to state a plausible claim under Rule 8. (Compl. 43.)

Defendant's argument with respect to Section 226.7 has already been made and rejected. *Pena v. Taylor Farms Pacific, Inc.*, 13-CV-01282-KJM-AC, 2014 WL 1665231, *8 (E.D. Cal. April 23, 2014). Defendant points out that this case in not binding on this Court, and the Court agrees. However, Judge Mueller's analysis of the argument, based on controlling Supreme Court authority, persuades this Court that Defendant's argument fails.

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss the Ninth Cause of Action.

### K. Plaintiffs' Tenth Cause of Action for Violation of the UCL

Defendant next moves to dismiss Plaintiffs' OCL claims because they fail to meet Rule 8 standards because they are based on insufficiently plead causes of action and because Section 226.7 payments are not subject to restitution under the UCL.

(MTD 22.) Defendant's Rule 8 argument fails because numerous claims have survived the motion to dismiss. Defendant's Section 226.7 again fails, as detailed in *Pena.* 2014 WL 1665231, at *10 (holding that payments under 226.7 are properly characterized as restitution).

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss the Tenth Cause of Action.

### L. Plaintiffs' Claims for Injunctive Relief

Defendants move to dismiss Plaintiffs' claims for injunctive relief because they cannot establish that they will suffer future harm. Specifically, Defendants suggest that former employees lack standing to request injunctive relief on a putative class containing former and current employees. (MTD 23.) The Court agrees.

The Court finds that plaintiffs lack standing to seek prospective relief under the UCL because they do not dispute that they are no longer employees of Defendant, and thus, they cannot demonstrate "a real or immediate threat of irreparable injury" by defendant's employment practices. *See e.g., Heffelfinger v. Elec. Data Sys. Corp.,* 2008 WL 8128621, *17 (C.D. Cal. Jan. 7, 2008) ("Because plaintiffs are no longer employed by EDS, they lack standing to seek prospective injunctive relief under the UCL."); *Milligan v. Am. Airlines, Inc.,* 327 Fed. Appx. 694, 696 (9th Cir. 2009); *Clark v. City of Lakewood,* 259 F.3d 996, 1007 (9th Cir.2001) ("In the context of injunctive relief, plaintiff must demonstrate a real or immediate threat of an irreparable injury.").

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' injunctive relief claims and **DISMISSES** them **WITH PREJUDICE.**

### M. Plaintiffs' Request for Punitive and Exemplary Damages

Defendants move to dismiss Plaintiffs' request for punitive and exemplary damages, and Plaintiffs suggest that they do not seek such damages. However, their Complaint does seek "punitive and exemplary damages." (Compl. ¶¶ 44.) Because Plaintiffs effectively concede that they will not seek such damages and otherwise fail

to oppose the motion, Plaintiffs' claims for punitive and exemplary damages are **DISMISSED WITH PREJUDICE.**

### N. Plaintiffs' Request for Attorneys' Fees in Connection with Meal and Rest Break Claims

Defendant's next argue that Plaintiffs' request for attorneys' fees are improper under *Kirby v. Immoos Fire Protection, Inc.*, 52 Cal. 4th 1244 (2012). However, numerous courts have held to the contrary, finding attorneys' fees appropriate under Cal. Civ. P. Code. § 1021.5. *Pena*, 2014 WL 1665231, at *11 (collecting cases). Therefore, the motion is **DENIED**.

### O. Plaintiffs' Section 226 Request

Lastly, Defendants move to dismiss Plaintiffs' requests for "recovery of [premium wages], plus interest and penalties thereon, attorneys' fees and costs, under Labor Code section 226." (MTD 25 (paraphrasing Compl. ¶¶ 67, 80.) Specifically, Defendant argues that Section 226 "does not provide for recovery of any remedies for such claims." (MTD 25.) However, Defendant points to no authority to support this position. Moreover, Plaintiff provides authority to the contrary. (Opp'n 25 (citing Cal Lab. Code §§ 218.5, 218.6, 226.3).) Therefore, the motion is **DENIED**.

## IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss or strike is **GRANTED IN PART** and **DENIED IN PART**, as detailed above. Plaintiffs shall file their amended Complaint on or before **August 28, 2015**.

**IT IS SO ORDERED.**

DATED: August 19, 2015

M. James Lorenz
United States District Judge